# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA

AMENDED

## CIVIL RIGHTS COMPLAINT FORM FOR PRO SE PRISONER LITIGANTS IN ACTIONS UNDER 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

Charlie James Stevens                               ,

Inmate ID Number: 97445 - 020           ,

(*Write your full name and inmate ID number.*)

v.

Case No.: 4:22-CV-415
(*To be filled in by the Clerk's Office*)

see attached                               ,

**Jury Trial Requested?**
☒ YES  ☐ NO

_____,

_____,

(*Write the full name of each Defendant who is being sued. If the names of all the Defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.*)
_____/

FILED USDC FLND TL
JAN 17 '23 PM3:22

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF FLORIDA

Charlie James Stevens,

    Plaintiff,

v.                                    CASE NO. 4:22-CV-415

Leon County Sheriff's Office,
Patrick Austin,
Dr. Holloman,
John Doe,
Corizon,

    Defendants.

_____/

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: Charlie James Stevens     ID Number: 97445 - 020

List all other names by which you have been known: NA

Current Institution: FCI Coleman - LOW

Address: P.O. Box 1031, (Low Custody)

Coleman, FL 33521 - 1031

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for *each and every* Defendant:

1. Defendant's Name: Leon County Sheriffs

   Official Position: State Department

   Employed at: State of Florida

   Mailing Address: 2825 Municipal Way

   Tallahassee, FL 32304

   ☐ Sued in Individual Capacity     ☒ Sued in Official Capacity

2. Defendant's Name: __Patrick Austin__

   Official Position: __Leon County Sheriff's Officer__

   Employed at: __Leon County, State of Florida__

   Mailing Address: __2825 Municipal Way__

   __Tallahassee, FL 32304__

   ☐ Sued in Individual Capacity          ☒ Sued in Official Capacity

3. Defendant's Name: __John Doe__

   Official Position: __Leon County Sheriff's Officer__

   Employed at: __Leon County State of Florida__

   Mailing Address: __2825 Municipal Way__

   __Tallahassee, FL 32304__

   ☐ Sued in Individual Capacity          ☒ Sued in Official Capacity

(*Provide this information for all additional Defendants in this case by attaching additional pages, as needed.*)

## II. BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

4. Defendant's Name: Dr. Holloman

   Official Position: Leon County Jail

   Employed at: Leon County, State of Florida

   Mailing Address: 535 Appleyard Drive

   Tallahassee, FL 32304

   ___ Sued in Individual Capacity     x Sued in Official Capacity

5. Defendant's Name: Corizon

   Official Position: Leon County Jail

   Employed at: Leon County, State of Florida

   Mailing Address: 535 Appleyard Drive

   Tallahassee, FL 32304

   ___ Sued in Individual Capacity     x Sued in Official Capacity

5

Are you bringing suit against (*check all that apply*):

☐ Federal Officials (*Bivens case*)     ☒ State/Local Officials (*§ 1983 case*)

## III. PRISONER STATUS

Indicate your confined status:

☐ Pretrial Detainee          ☐ Civilly Committed Detainee

☐ Convicted State Prisoner   ☒ Convicted Federal Prisoner

☐ Immigration Detainee       ☐ Other (*explain below*):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* showing why you are entitled to relief. Describe how *each* Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. *Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.* You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to

the complaint will count as part of your page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.

1. In September 2012, Stevens was charged with Possession with intent to distribute a controlled substance by Leon County, State of Florida.

2. On November 1, 2013, before the State charge was resolved, Stevens was arrested by Federal authorities on similar but separate charges and remained in Federal custody.

3. On March 25, 2015, Stevens was convicted for the Federal offense and sentenced to 160 months.

4. Stevens's state charge remained unresolved for nearly 9 years while he remained in Federal custody at FCI Coleman Low in Coleman, Florida.

5. In May 2020, Stevens filed an extradition waiver under the Interstate Agreement on Detainers for purposes of resolving the State charges.

6. On February 18, 2021, Leon County authorities took Stevens into their custody in order to transport Stevens to Leon County to resolve the State charges.

7. Stevens was to be transported from Coleman Low to the Leon County jail in Tallahassee, Florida, about a 4 hour trip.

8. Stevens's transfer was conducted by Leon County Sherrif's Officers Patrick Austin and an unarmed officer (hereinafter "John Doe").

9. Stevens was handcuffed and shackled by Officers Austin and Doe, and his handcuffs were latched to a short chain encircling his waist.

10. Stevens's movement was extremely limited during his transfer.

11. Stevens was assisted by Officers on both his sides to walk towards the "dog-catcher" style transport vehicle.

12. Stevens's limited mobility prevented him from entering the vehicle by himself, and Officer Austin had to assist Stevens to enter the rear of the vehicle.

13. The vehicle's interior had a flat smooth fiberglass bench seating along the long side of the vehicle with a solid steel divider seperating the driver's compartment from the prisoner transport compartment of the vehicle.

14. The vehicle's interior also had a camera that monitored the prisoner transport compartment of the vehicle.

15. Along the benches were several restraints for prisoners, but Stevens's limited mobility prevented him from buckling himself in the restraints without assistance.

16. Stevens attempted to buckle his restraints, but failed.

17. Leon County Officers are required by policy to apply safety restraints and ensure transported prisoners are secured before operating the transport vehicle.

18. Stevens seated himself about midway along the bench.

19. Officer Austin seated himself in the driver's seat.

20. In operating the vehicles Officer Austin drove recklessly and sporadically.

21. Stevens had extreme difficulty in keeping himself stable and secured while Officer Austin was driving.

22. Approximately two hours into the transport, the vehicle came to an abrupt stop.

23. Because of the abrupt stop, Stevens was flung forward face first toward the steel partition.

24. Stevens violently impacted against the steel partition directly with his face and right shoulder, making a loud banging noise.

25. Stevens's impact had injured his head, neck, and shoulder, and caused him to collapse on the floor of the vehicle in pain for several minutes.

26. Despite the loud noise caused by Stevens's impact, the officers continued driving.

27. Eventually, the vehicle stopped at another jail to pick up other prisoners.

28. On the Officers opening of the prisoner compartment door, Stevens informed the Officers that he had been injured and he required medical assistance.

29. The Officers ignored Stevens's pleas for help and continued to transport Stevens.

30. On arriving to Leon County Jail, Stevens again informed Officers Austin and Doe that he was injured.

31. Officers Austin and Doe helped Stevens exit the vehicle, but otherwise took no further action to assist Stevens.

32. Neither Officer Austin or Doe filed an accident report on Stevens's behalf.

33. On Stevens's arrival to the jail's intake, he advised the on-duty nurse of his injuries sustained during transport, including his head injury.

34. The intake nurse typed the incident into her computer and advised Stevens to inform the Doctor of his injury when he went to medical the next day, but otherwise took no further action.

35. Stevens passed the evening in Leon County jail with no medical examination or assistance.

36. On February 19, 2021, Stevens informed the jail's medical staff about his injury and that he was having headaches.

37. The medical staff did not immediately respond to Stevens's request for help, and did nothing to help Stevens that day.

38. On February 20, 2021, Stevens filled out a request for to medical staff, again informing them of his headaches and requesting an MRI.

39. On or around February 23, 2021, the jail's medical staff took x-rays of Steven's neck and shoulder.

40. The medical staff that reviewed the (approximately) February 23, 2021, x-rays with Stevens told Stevens that there were injuries to his neck, specifically his C-4 through C-6 spinal disc levels.

41. Over the course of Stevens's over year-long incarceration at Leon County Jail, he was diagnosed by Corizon employee Dr. Holloman with the following injuries and gave insufficient treatment:

- Neck injury to intervertebral disc (given tylonal)

- Nerve damage to right hand (given nerve pills)

- Damage to right shoulder rotator cuff (given ibruprofin and arm sling).

- Ligament Damage to right shoulder (given arm sling)

42. Corizon's policy towards inmate injuries was a "wait and see" approach, which promotes limited or no intervention for extended periods of time or until the inmate leaves the facility.

43. After nearly a year of complaining of his injuries and Stevens filing a grievance with the jail's medical committee, Dr. Holloman finally made an appointment for Stevens to see an outside medical specialist for a medical evaluation.

44. In February 2022, Stevens finally was examined by an outside medical specialist in Tallahassee, Florida.

45. The medical specialist took an x-ray of Stevens's neck and shoulder and subsequently requested that Stevens be given an MRI for further evaluation.

46. Before Stevens could have his MRI taken, he was transported back to Coleman Low.

47. During Stevens's transport back to Coleman Low, he was similarly shackled, but the transporting Officers ensured he was restrained before starting the vehicle.

48. Steven informed the Coleman Low Medical staff of his injuries, and the staff responded by performing an x-ray and subsequently ordering an MRI.

49. Stevens is still waiting for the MRI to be scheduled.

50. Stevens is still experiencing pain and weakness in his right arm because of his injury.

51. Stevens's range of motion in his neck and right arm has been diminished, likely permanently because of nerve damage.

52. Stevens is incapable of holding his right arm straight because of his injury.

53. Stevens's capacity to work in skilled manual labor, which he had significant experience with prior to his arrest, has been severely diminished because of the injuries caused and exacerbated by the Leon County Officers and Corizon staff.

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.

Leon County Sheriffs and Officers Austin and Doe violated Stevens's Eighth Amendment rights by acting with reckless disregard towards Stevens's safety. Similarly, Corizon and Dr. Holloman treated Stevens with deliberate indifference towards his serious medical needs per Corizon's policy.

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/ statutes. If requesting money damages *(either actual or punitive damages)*, include the amount sought and explain the basis for the claims.

Find that the defendants violated Stevens's Eighth Amendment rights, and awards Stevens actual and punitive damages after conducting a specific damages hearing, in addition to any other and further appropriate or fair relief.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies (*grievance procedures*) before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while*

incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

☐ YES  ☒ NO

If "Yes," identify the case number, date of dismissal, and court for each case:

1. Date:_____ Case #:_____

   Court: _____

   Reason: _____

2. Date:_____ Case #:_____

   Court: _____

   Reason: _____

3. Date:_____ Case #:_____

   Court: _____

   Reason: _____

Case 4:22-cv-00415-WS-MAF   Document

*(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?

☐ YES ☒ NO

If "Yes," identify the case number, parties, date filed, result (*if not still pending*), name of judge, and court for each case (*if more than one*):

1. Case #:_____ Parties: _____

   Court:_____ Judge: _____

   Date Filed:_____ Dismissal Date (*if not pending*): _____

   Reason: _____

2. Case #:_____ Parties: _____

   Court:_____ Judge: _____

   Date Filed:_____ Dismissal Date (*if not pending*): _____

   Reason: _____

   *(If necessary, list additional cases on an attached page)*

C. Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?.

☒ YES ☐ NO

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: 7:17-CV-00109-HL  Parties: Stevens v. United States

   Court: M.D. Georgia  Judge: Hon. USDJ Hugh Lawson

   Date Filed: 2017  Dismissal Date (*if not pending*): 2019

   Reason: Denied on the merits.

2. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

3. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

4. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

5. Case #: _____  Parties: _____

   Court: _____  Judge: _____

   Date Filed: _____  Dismissal Date (*if not pending*): _____

   Reason: _____

6. Case #:_____ Parties: _____

   Court:_____ Judge: _____

   Date Filed:_____ Dismissal Date (*if not pending*): _____

   Reason: _____

   ***(Attach additional pages as necessary to list all cases.)***

## IX. CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non- frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: 1/12/23  Plaintiff's Signature: *Charlie J. Stevens*

Printed Name of Plaintiff: Charlie James Stevens

Correctional Institution: FCI Coleman Low

Address: P.O. Box 1031 (Low Custody)

Coleman, Florida 33521 - 1031

**I certify and declare, under penalty of perjury, that this complaint was (*check one*) ☐ delivered to prison officials for mailing or ☒ deposited in the prison's mail system for mailing on the 12th day of JAN , 20 23.**

Signature of Incarcerated Plaintiff: *Charlie J. Stevens*

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuse may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; July 2022; All rights reserved.

**FROM:** Charlie Stevens
Reg.Number 20745-020 Unit C-1
Federal Correctional Complex
P.O. Box 1031 (Low Custody)
Coleman, FL 33521-1031

**TO:** United States District Court
Office of the Clerk
111 N. Adams St.
3rd Floor
Tallahassee, FL 32301

U.S. POSTAGE PAID
FCM LG ENV
COLEMAN, FL
33521
JAN 13, 23
AMOUNT
$0.00
R2305K139876-09
32301
RDC 04

UNITED STATES POSTAL SERVICE®

PRIORITY MAIL®

FLAT RATE ENVELOPE
ONE RATE ■ ANY WEIGHT

TRACKED ■ INSURED

USPS TRACKING #
9114 9022 0085 2120 8666 80

Label 400 Jan. 2013
7690-16-000-7948

To schedule free Package Pickup, scan the QR code.
USPS.COM/PICKUP

EP14F July 2022
OD: 12 1/2 x 9 1/2

PS00001000014

PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL    PRESS FIRMLY TO SEAL