## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**CHARLIE J. STEVENS,**
**Inmate # 97445-020,**

      **Plaintiff,**

**vs.**                              **Case No. 4:22cv415-WS-MAF**

**PATRICK AUSTIN, et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a second amended civil rights complaint, ECF No. 14, against Defendant Patrick Austin (a Leon County Sheriff's Deputy), a John Doe Defendant, Corizon, and Defendant Holloman (a physician employed by Corizon).  Service was carried out as to all named Defendants, but the case has been automatically stayed as to Defendants Corizon and Holloman pending resolution of Corizon's bankruptcy case. ECF No. 23.

This Report and Recommendation addresses a motion to dismiss and to strike, ECF No. 37, filed by Defendant Austin.  The motion is short,

and makes only two arguments - that the request for punitive damages should be stricken and the "official capacity" claim should be dismissed. *Id.* at 3-6. Plaintiff was given a lengthy period of time to respond to the motion, ECF Nos. 39 and 44, and his response was filed as an "objection." ECF No. 48. It is construed as his response in opposition to the motion to dismiss, *see* ECF No. 49, and the motion is ready for a ruling.

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955).[1] "A claim has facial plausibility when the

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S. Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)).

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S. Ct. at 1965); *see also* Wilborn v. Jones, 761 F. App'x 908, 910 (11th Cir. 2019). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 677 (quoting Twombly, 550 U.S. at 556). A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 556 U.S. at 677 (quoting Twombly, 550 U.S. at 557).

The pleading standard under Federal Rule of Civil Procedure 8 is that a complaint must give a defendant fair notice of the plaintiff's claim and the grounds upon which it rests. Swierkiewicz v. Sorema, 534 U.S. 506, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002). Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986) (citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972)). Nevertheless, a complaint must provide sufficient notice of the claim and the grounds upon

Case 4:22-cv-00415-WS-MAF   Document 52   Filed 02/02/24   Page 4 of 10



Page 4 of 10

which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) (quoted in Twombly, 550 U.S. at 558).

**Allegations of the Second Amended Complaint**

As the allegations relate to Defendant Austin, Plaintiff said that while he was a federal prisoner housed at Coleman, he was transported to the Leon County Jail to resolve a state charge on February 18, 2021. ECF No. 14 at 5-6. Defendant Austin and a John Doe officer were the transporting officers. Id. at 6. Plaintiff was handcuffed and shackled for transport which limited his mobility, so he asked Defendant Austin to buckle him into the transport vehicle. Id. Defendant Austin denied the request, and said "that was simply something they did not do." Id. Defendant Stevens allegedly "drove the vehicle with no regard for [Plaintiff's] safety by taking sharp fast turns, braking suddenly, and [accelerating] rapidly." Id. at 7. Two hours into the transport, Defendant Austin stopped abruptly, causing Plaintiff "to be flung forward face first toward the steel partition in the front [of] the compartment." Id. Plaintiff hit the partition "with his face and right shoulder" and collapsed on "the floor of the vehicle in pain for several

[minutes]."  ECF No. 14 at 7.  Plaintiff said there was a "loud banging noise," but Defendant Austin did not stop to render aid, but continued driving.  *Id.*  Plaintiff said he "injured his head, neck, and shoulder," and he collapsed on the vehicle floor in pain.  *Id.*

When the vehicle eventually stopped to pick up additional prisoners, Plaintiff asked for help, but no help was provided.  *Id.*  Despite being at a jail which had a medical facility, Defendant Austin and the John Doe Defendant "ignored [his] plea for help and continue to transport" Plaintiff and the additional prisoners.  *Id.*  When finally arriving at the Leon County Jail, Plaintiff "again informed the officers that he was injured," but no accident report was made and no medical assistance provided.  *Id.* at 8.

During the course of Plaintiff's year-long detention at the jail, he was diagnosed with a neck injury, nerve damage to right hand, an injured right shoulder rotator cuff, and ligament damage to the right shoulder.  *Id.* at 9.  He was provided only Tylenol, Ibuprofen, a nerve pill, and an arm sling.  *Id.*  When he was returned to Coleman, he "was buckled into his seat by the Leon County Officers."  *Id.*

Plaintiff asserts an Eighth Amendment claim against Defendant Austin in his official capacity only.  *Id.* at 3, 11.  He alleges that Defendant

Austin violated his "rights by having subjective knowledge of the risk of serious harm to Stevens and recklessly disregarded it." ECF No. 14 at 11. He requests "actual and punitive damages" as relief. *Id.*

**Analysis**

Defendant first argues that Plaintiff has "not alleged sufficient facts in his Complaint to state an official capacity § 1983 claim." ECF No. 37 at 3. More specifically, Defendant says that Plaintiff "failed to make any allegations about a policy, custom or practice, let alone that a policy, custom or practice caused or was the 'moving force' behind his alleged constitutional violation." *Id.* at 5.

In response, Plaintiff contends that this case should not be dismissed because a similar case from Connecticut held an officer "accountable" for failing to secure an arrestee during transport.  ECF No. 48 at 1.  That response, however is not responsive to Defendant's argument.

A civil rights complaint brought against a jail or prison official in his individual capacity seeks "to impose personal liability upon a government official for actions he takes under color of state law." <u>Kentucky v. Graham</u>, 473 U.S. 159, 165, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40

L. Ed. 2d 90 (1974)).  On the other hand, an official capacity complaint is

"another way of pleading an action against an entity of which an officer is

an agent." <u>Kentucky</u>, 473 U.S. at 165-66, 105 S. Ct. at 3105 (quoting

<u>Monell v. New York City Dept. of Soc. Services</u>, 436 U.S. 658, 690, n.55,

98 S. Ct. 2018, 2035, n.55, 56 L. Ed. 2d 611 1978)).

 However, a governmental entity may only be held liable under § 1983

"when the entity itself is a 'moving force' behind the deprivation."  <u>Kentucky</u>,

473 U.S. at 166, 105 S. Ct. at 3105 (quoting <u>Polk Cnty. v. Dodson</u>, 454

U.S. 312, 326, 102 S.Ct. 445, 454, 70 L.Ed.2d 509 (1981)).  Thus, to

properly allege an official-capacity claim, "the entity's 'policy or custom'

must have played a part in the violation of federal law."  <u>Kentucky</u>, 473 U.S.

at 166, 105 S. Ct. at 3105 (quoting <u>Monell</u>, *supra*).  Put simply, official

capacity claims are appropriate when challenging a policy of a

governmental entity, but they are not appropriate when alleging that the

actions of an officer violated a prisoner's constitutional rights.

 In this case, there are no factual allegations presented which

demonstrate that a policy or custom was involved, that a policy was

followed, or that a policy or custom caused Plaintiff's injuries.  Plaintiff did

not allege that a policy existed which did not allow officers to buckle in a

prisoner during transport, nor did he allege that there was a policy or custom to not provide medical care to a prisoner during transport.  The lack of such an allegation is fatal to an official capacity claim.

Instead, Plaintiff's allegations concerning the transport suggest that this was an accident, presumably caused by negligent driving.  Negligence is insufficient to state a constitutional claim.   The Supreme Court has unequivocally held that a state official's negligent conduct, even though it causes injury, does not constitute an actionable deprivation under § 1983.  County of Sacramento v. Lewis, 523 U.S. 833, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998); Daniels v. Williams, 474 U.S. 327, 331, 106 S. Ct. 662, 665, 88 L. Ed. 2d 662 (1986).  It is well established that "mere negligence or a mistake in judgment does not rise to the level of deliberate indifference."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1308 (11th Cir. 2009).  Plaintiff has not alleged facts which demonstrate more than negligence by Defendant Austin.  Therefore, the amended complaint fails to state a claim against Defendant Austin in his official capacity.  The motion to dismiss, ECF No. 37, should be granted.

Defendant Austin also moved to strike Plaintiff's request for punitive damages.  ECF No. 37 at 5-6.  Defendant states that as a "matter of law, punitive damages are unavailable in official capacity § 1983 claims."  *Id.* (citing to City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981)).  There, the Court concluded that "considerations of history and policy do not support exposing a municipality to punitive damages for the bad-faith actions of its officials."  City of Newport, 453 U.S. at 271, 101 S. Ct. at 2762.  "Newport's reasoning applies equally to a Sheriff's Department, thus barring a punitive damage award against Sheriff McDougall in his official capacity."  Colvin v. McDougall, 62 F.3d 1316, 1319 (11th Cir. 1995).  Although the punitive damages claim should be stricken, the reality is that no claim continues against Defendant Austin such that there is a need to be concerned with damages.

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Austin's motion to dismiss, ECF No. 37, be **GRANTED** and Defendant Austin be **DISMISSED** from this case because Plaintiff's second amended complaint, ECF No. 14, does not state a claim against the

Case No. 4:22cv415-WS-MAF

Defendant in his official capacity.  It is also **RECOMMENDED** that this case

be **REMANDED** for further proceedings on the pending claim against the

John Doe Defendant, and the claims which are stayed concerning

Defendants Corizon and Holloman.

      **IN CHAMBERS** at Tallahassee, Florida, on February 2, 2024.


  S/    Martin A. Fitzpatrick          
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

    **Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**